# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAVIER BENITO-VICTORIA,

    Petitioner,

v.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:17-cv-02606-APG-VCF

**ORDER DENYING MOTION TO DISMISS**

[ECF No. 7]

The respondents move dismiss Ground 1 of the petition. ECF No. 7. In Ground 1, petitioner Javier Benito-Victoria ("Petitioner") claims the state trial court abused its discretion when it denied his motion for a new trial.

The respondents first argue that Ground 1 is a matter of state law that is not addressable in federal habeas corpus. I disagree. In Ground 1, Petitioner writes:

> Mr. Benito-Victoria's state and federal constitutional rights to due process, a fair trial, the right to present evidence, and the right to a reliable verdict, and the opportunity to present a complete theory of defense to the jury, were unconstitutionally deprived by the denial of his motion for new trial and the denial of the right to present this evidence to a jury. U.S. Const. Amend. V, VI, VIII, XIV; Nevada Const. art. I, Sec. 3, 6 and 8; art. IV, Sec. 21.

ECF No. 1, at 27-28. Petitioner alleges what he needs to in order to plead this claim. It may be that the Supreme Court of the United States has not clearly established federal law in this area, and thus I cannot grant relief. *See* 28 U.S.C. § 2254(d)(1). But that is a question going to the merits of the petition, which the respondents will need to address in their answer.

Second, and alternatively, the respondents argue that Petitioner has not exhausted Ground 1 because he did not present the federal-law issues to the Supreme Court of Nevada on direct appeal. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the

operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

I again disagree with the respondents. The sole issue on direct appeal was whether the state trial court abused its discretion when it denied Petitioner's motion for a new trial. Ex. 30, at 16-22 (ECF No. 11-14, at 17-23). In that argument, Petitioner wrote:

> Appellant's state and federal constitutional rights to due process, a fair trial, the right to present evidence, and the right to a reliable verdict, and the opportunity to present a complete theory of defense to the jury, were unconstitutionally deprived by the denial of his motion for new trial and the denial of the right to present this evidence to a jury. U.S. Const. Amend V, VI, VIII, XIV; Nevada Const. art I, Sec. 3, 6 and 8; art IV, Sec. 21

*Id*., at 17 (ECF No. 11-14, at 18). That was sufficient to put the Supreme Court of Nevada on notice that Petitioner was raising a claim of federal constitutional law. Ground 1 is exhausted.

IT THEREFORE IS ORDERED that respondents' motion to dismiss **(ECF No. 7) is DENIED**.

IT FURTHER IS ORDERED that the respondents shall have 45 days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules

Governing Section 2254 Cases in the United States District Courts. Petitioner shall 45 days from the date on which the answer is served to file a reply.

Dated: October 18, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE